**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STANDARD METAL FABRICATING CO., Respondent.**

**No. 16829.**

United States Court of Appeals
Eighth Circuit.

Dec. 27, 1961.

Vivian Asplund, Attorney, National Labor Relations Board, Washington, D. C., Stuart Rothman, General Counsel, N. L.R.B., Washington, D. C., Dominick L. Manoli, Associate General Counsel and Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D. C. and Melvin Pollack and Vivian Asplund, Attorneys, N.L.R.B., Washington, D. C., on the brief, for petitioner.

Michael J. Jones, Omaha, Neb., for respondent.

Before SANBORN and VAN OOSTERHOUT, Circuit Judges, and GRAVEN, Senior District Judge.

SANBORN, Circuit Judge.

The National Labor Relations Board has petitioned this Court for enforcement of the Board's order of May 29, 1961 · (as corrected on June 6, 1961), against the respondent, Standard Metal Fabricating Co., of Omaha, Nebraska. (131 NLRB No. 112.) The respondent asks that the petition be denied on the ground that the evidentiary basis for the Board's order is inadequate, and that, in any event, the order is too broad.

The basis for the order under review is a finding by the Board that on July 12, 1960, in violation of Section 8(a) (3) and (1) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(a) (3) and (1), the respondent discharged Charles Thomas, one of its employees, because of his activities on behalf of the United Steelworkers of America, AFL–CIO, a labor union. The order requires the reinstatement of Thomas with back pay, and contains broad cease and desist provisions.

The discharge of Thomas took place during a drive by the union to organize the respondent's employees, in which he took an active part prior to his discharge, which occurred a few days after the drive started. The respondent asserts that the discharge of Thomas was for cause and had no connection with his union activities, and that the Board's finding to the contrary is without adequate evidentiary support. To detail the evidence relative to this issue would serve no useful purpose. The parties are familiar with it, and the controversy is one which occurs frequently in Labor Board cases.

■ In view of the circumstances surrounding the discharge of Thomas as shown by the record, we think the Board's determination that his union activities were the proximate cause of his separation from the respondent's payroll was a permissible inference. See and compare, National Labor Relations Board v. Des Moines Foods, Inc., 8 Cir., 296 F.2d 285.

■ Respondent argues that if the Board's finding of the commission of the one unfair labor practice is justified, the cease and desist portions of its order are too broad and should be denied enforcement or be modified. "To justify an order restraining other violations it must appear that they bear some resemblance to that which the employer has committed or that danger of their commission in the future is to be anticipated from the course of his conduct in the past." National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 437, 61 S.Ct. 693, 700, 85 L.Ed. 930. See, also, May Department Stores Co. v. National Labor Relations Board, 326 U. S. 376, 388–392, 66 S.Ct. 203, 210, 90 L.Ed. 145.

The order of the Board requires that the respondent shall:

"1. Cease and desist from:

"(a) Discouraging membership in United Steelworkers of America, AFL–CIO, or any other labor organization of its employees, by discharging or refusing to reinstate any of its employees or by discriminating in any manner in regard to their employment;

"(b) In any other manner interfering with, restraining or coercing its employees in the exercise of the right to self-organization, to form labor organizations, to join or assist United Steelworkers of America, AFL–CIO, or any other labor organization, to bargain collectively

through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all of such activities."

The respondent asserts that the order should be modified (1) by striking out in paragraph 1(a) the words "or any other labor organization of its employees" and the words "or by discriminating in any other manner in regard to their employment"; (2) by eliminating paragraph 1(b); and (3) by directing that the notice required to be posted by the respondent be modified accordingly.

We think that paragraph 1(a) proscribes violations each of which bears at least some resemblance to the unfair labor practice that the Board found the respondent had committed in discharging Thomas for his union activities. The Board could believe that his discharge was not motivated by a desire to discourage membership in the Steelworkers union, but by a wish to discourage any unionization of respondent's employees. The Board could also believe that, in view of the discriminatory discharge of Thomas, the respondent might resort to demotions or layoffs as a means of discrimination.

█ Our conclusion is that paragraph 1(a) should not be modified. We are of the opinion, however, that the discharge of Thomas, standing alone, did not furnish a sufficient basis for the general proscription contained in paragraph 1(b) nor a sound reason for anticipating that respondent's employees were in danger of losing their freedom to exercise the rights guaranteed them under Section 7 of the Act, 29 U.S.C.A. § 157, through any acts of the respondent reasonably to be anticipated.

We hold that the Board is entitled to enforcement of the order with the elimination of paragraph 1(b) and the modification of the notice requirement to conform with the order as thus amended.

It is so ordered.