## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## TWIN TABLE & FURNITURE CO., Inc., Respondent.

## No. 16969.

United States Court of Appeals
Eighth Circuit.

Oct. 11, 1962.

Hans J. Lehmann, N. L. R. B., Washington, D. C., for petitioner; Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Rosanna A. Blake, and James A. Ryan, Attys., N. L. R. B., Washington, D. C., on the brief.

J. W. Barron, Little Rock, Ark., for respondent.

Before SANBORN and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

PER CURIAM.

■ Unless a controversy between the National Labor Relations Board and an employer as to the enforceability of an order of the Board resulting from conventional proceedings before it, presents some novel or unusual problem, a detailed discussion of the facts and the law is ordinarily profitless. The instant controversy involves the labor relations of the respondent, a recently organized small manufacturer of folding tables, at Conway, Arkansas, having as a work force six employees. During a drive to unionize its plant, conducted by United Furniture Workers of America, AFL-CIO, Local No. 395, the respondent discharged an employee named Kitchens, who was active in support of the Union. The Union and the General Counsel of the Board charged that the discharge of Kitchens was the result of his union affiliations and activities. This the respondent denied, claiming that he was discharged because his services were no longer needed or desired. That may well have been true, but, if so, the timing of the discharge was unfortunate, and made the issue, under the evidence taken before the Trial Examiner, one of fact. Both the Examiner and the Board found that the discharge of Kitchens was violative of Section 8(a) (3) and 8(a) (1) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 158(a) (3) and (1). See and compare, National Labor Relations Board v. Des Moines Foods, Inc., 8 Cir., 296 F.2d 285, 289; National Labor Relations Board v. Standard Metal Fabricating Co., 8 Cir., 297 F.2d 365, 366.

■ The Trial Examiner found that the interrogation of employees about the Union by representatives of the respondent's management was not a violation of Section 8(a) (1) because the interrogation was innocuous and devoid of

threats or promises. The Board, with one member dissenting, found otherwise. We think that the evidentiary basis for a finding by the Board that the interrogation complained of constituted a violation of Section 8(a) (1) was inadequate, considering the record as a whole.

The order of the Board requires the respondent to cease and desist from the unfair labor practices it was found to have committed and to offer Kitchens reinstatement without loss of pay. The Board's decision and order are reported in 133 N.L.R.B. No. 102.

We conclude that so much of the Board's order as is based on the discharge of Kitchens is entitled to enforcement, but that the respondent is entitled to have paragraph (b) of the cease and desist portion of the order, relating to the interrogation of employees, deleted from the order.

To the extent indicated, the petition of the Board for enforcement of its order is granted.