**TRUMBULL ASPHALT COMPANY OF DELAWARE, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 13743.

United States Court of Appeals
Seventh Circuit.
March 4, 1963.

James F. Flanagan, Harold T. Halfpenny, Richard F. Hahn, Mary M. Shaw, Chicago, Ill., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin Pollack, Atty., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Judith Bleich Kahn, Atty., National Labor Relations Bd., Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This matter is before us on petition of Trumbull Asphalt Company (petitioner) to review and set aside an order of the National Labor Relations Board (Board). In its answer, the Board petitioned for enforcement of its order.

Petitioner processes and sells asphalt products at its Summit, Illinois plant where the events involved in this case occurred.

■ The Board found that during a campaign to organize petitioner's employees at its Summit plant and for several months after a Board election, petitioner violated § 8(a) (3) and (1) of the National Labor Relations Act, 29 U.S. C.A. § 158(a) (3) and (1), by discriminating against 18 employees due to their union [1] activities, by assignments to disagreeable work, by deprivation of overtime and by layoffs and discharges. The Board further found that petitioner violated § 8(a) (1) of the Act, 29 U.S.C.A. § 158(a) (1), by threatening to visit reprisals on union supporters and promising benefits for forsaking the union, by interrogating employees as to their union sympathies, by attempting to get employees to spy on the union, by sponsoring a movement encouraging employees to withdraw from the union, and by depriving employees of benefits enjoyed prior to their choice of the union as their representative.

The Board ordered petitioner to cease and desist from engaging in the unfair labor practices found and from in any manner interfering with the exercise of rights of its employees guaranteed by Section 7 of the Act. Affirmatively, the order requires petitioner to take certain steps with reference to employment and pay of the several employees involved and other matters set out therein, all of which are consistent with its findings and conclusions.

Petitioner contends the Board's findings are not supported by substantial evidence on the record considered as a whole. Our examination of the voluminous record in this case leads us to the conclusion that there is ample evidence to support the Board's findings. We deem it unnecessary to set out in this opinion the factors in support of the Board's decision. See N. L. R. B. v. Twin Table & Furniture Co., 8 Cir., 308 F.2d 686 (1962). A proper analysis of the evidence is contained in the trial examiner's report which was adopted by the Board. The Board's decision and order appear at 136 N.L.R.B. 1461.

■■ Petitioner attacks the form of the Board's decision, contending that it is "impossible to determine on what evidence the Board's conclusions rest." We find no merit in this contention.

The Board adopted the intermediate report of the trial examiner, and it is of this report that petitioner complains. The trial examiner's report is a detailed presentation and analysis of the evidence, containing inferences which the trier of fact is entitled to make. The trial examiner was not "compelled to annotate to each finding the evidence supporting it." United States v. Pierce Auto Lines, 327 U.S. 515, 529, 66 S.Ct. 687, 694, 90 L.Ed. 821 (1946). The report is written in a rather dramatic style, but this does not make it susceptible to a charge that petitioner was denied due process of law.

The form of the Board's opinion did not deprive petitioner of its right to know the charges against it or of its right of appeal to this court.

We have carefully considered the remaining contentions of petitioner and find them without merit. These include a charge of bias and prejudice on the part of the trial examiner, the trial examiner's ruling on evidence and his failure to grant petitioner's motion for a bill of particulars.

Having determined that the Board's findings are supported by substantial evidence on the record considered as a

---

[1]. The union involved is Warehouse & Mail Order Employees Union, Local 743, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, herein referred to as the union.

whole, the petition to review and set aside the Board's order will be denied. The petition for enforcement is granted and the Board's order will be enforced in full.

Enforcement ordered.