**VIRGIN ISLANDS LABOR UNION, Plaintiff**

v.

**CARIBE CONSTRUCTION COMPANY, Defendant**

No. 313-1966

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

December 28, 1966

PETER J. O'DEA, ESQ., First Assistant Attorney General, Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

GEORGE H. T. DUDLEY, ESQ. (DUDLEY, HOFFMAN and GRUNERT), Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

FARRELLY, *Municipal Judge*

### OPINION OF THE COURT

This case is on its second "go-round", cf. Virgin Islands Labor Union v. Caribe Construction Company, 343 F.2d 364, 5 V.I. 191 (3rd Cir. 1965). It has reached this court by way of a petition, filed by the Attorney General of the Virgin Islands, for and in behalf of the Commissioner of Labor, praying for the enforcement of an order under 24 V.I.C. § 69, as amended.

On December 16, 1963, the Commissioner of Labor found that the respondent, Caribe Construction Company, was guilty of an unfair labor practice violative of the territorial

labor-management statute, 24 V.I.C. §§ 65(3), (8).[1] As a consequence thereof, the Commissioner of Labor, hereinafter referred to as the Commissioner, then ordered the reinstatement of the employees in question and the payment of back wages. Respondent appealed to the District Court of the Virgin Islands whereupon, after argument, the District Court vacated the order of the Commissioner. The Commissioner then took his turn and appealed to the United States Court of Appeals for the Third Circuit. Upon hearing, the United States Court of Appeals reversed the District Court to the extent that the latter court had dismissed the unfair labor practice complaint and directed the District Court to remand the record to the Commissioner of Labor ". . . so that the Deputy Commissioner . . . may make express findings on the ultimate question whether the men were dismissed because of any or all of the reasons given by the [respondent employer] or because of their labor union activity in joining the Union . . ."

George H. T. Dudley, Esq., (Dudley, Hoffman and Grunert, Esqs.) appeared for respondent. Peter J. O'Dea, Esq., First Assistant Attorney General of the Virgin Islands, appeared for the Commissioner.

The single principal issue presented here for determination is whether the second order issued herein on March 29, 1966, is supported by substantial evidence as required by 24 V.I.C. § 70(b).[2]

---

[1] It shall be an unfair labor practice for an employer:
 (3) by discrimination in regard to hire or tenure of employment to encourage or discourage membership in any labor organization . . .
 (8) [to] do any acts other than those enumerated in this section which restrain, coerce or interfere with employees in the exercise of the . . . rights . . . of self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, free from interference, restraint or coercion by employers.

[2] . . . [T]he findings of the Commissioner as to the facts, if supported by substantial evidence, shall be conclusive.

Phrased otherwise in juxtaposition, were the employees fired because they engaged in activities protected by section 65(3), (8) as the First Assistant Attorney General urges and thus entitled to reinstatement and back pay? Or, were the employees fired for causes not related to union activities, as counsel for the respondent contends, and therefore not entitled to reinstatement?

Before reaching that ultimate determination, it may be useful to state some of the rules applicable to a proceeding where, as here, an administrative official seeks the aid of this Court to enforce an order of the Commissioner of Labor which is not self-executing. The meaning of these rules is to be determined by the application of principles of construction which are settled in the Virgin Islands, Caribe Construction Company v. Penn, 5 V.I. 180, 185, 342 F.2d 964 (3rd Cir. 1965), Williams v. Dowling, 4 V.I. 465, 318 F.2d 642 (3rd Cir. 1963).

As stated before, the Labor Relations Law of the Virgin Islands provides that the findings of the Commissioner of Labor as to the facts shall be conclusive if supported by substantial evidence, 24 V.I.C. § 70(b) cf. NLRB v. Walton Mfg. Co., 44 CCH Lab. Cas. Par. 17545, 369 U.S. 404 (1962). If the Commissioner's findings of fact are supported by substantial evidence then and in that event they are binding on this Court although the Court, on the same record, may have reached an opposite conclusion were it deciding the matter itself, Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 19 CCH Lab. Cas. Par. 66191 (1951).

Substantial evidence is more than a mere scintilla; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and affords a substantial basis of fact from which the fact in issue can reasonably be inferred. NLRB v. Sun Shipbldg. Co., 6 CCH Lab. Cas. Par. 61,529, 135 F.2d 15 (1943). If supported

by substantial evidence, the Commissioner's findings of fact are conclusive and may not be disturbed by the reviewing court, NLRB v. Columbian Enameling & Stamping Co., 1 CCH Lab. Cas. Par. 17,043, 306 U.S. 292 (1949); NLRB v. Nevada Consolidated Copper Corp., 5 CCH Lab. Cas. Par. 51,140, 316 U.S. 105 (1942).

 This Court may dismiss the petition only if the evidence in the record does not rationally support the findings of the Commissioner, Rothman, The NLRB and Administrative Law, 29 Geo. Wash. L. Rev. 301, 311-12 (1960). In determining from the record the real reason why the men were discharged, the Commissioner has the right to consider circumstantial evidence and draw inferences therefrom, as direct evidence is not always obtainable, NLRB v. Putnam Tool Co., 290 F.2d 663, 665 (6th Cir. 1961), see also NLRB v. Ellis & Watts Products, Inc., 297 F.2d 576 (6th Cir. 1962). It has been authoritatively established that since inferences are simply deductions from facts proven, there is no reason why a number of factual inferences may not be drawn from any fact or series of facts directly established, V.I. Labor Union v. Caribe Construction Co., 5 V.I. 191, 198, 343 F.2d 364 (3rd Cir. 1965).

 In finding that there had been restraint, interference or coercion, the Commissioner drew on his experience generally, and inferred that in the circumstances detailed in the record, this type of employer conduct tends to discourage union membership. Such an inference the Commissioner is permitted to draw. Radio Officers Union v. NLRB, 347 U.S. 17, 49 (1953), NLRB v. 7-Up Bottling Co., 344 U.S. 349 (1953), NLRB v. Link Belt Co., *supra*, 311 U.S. 581 (1941).

 That portion of the order of the Commissioner dealing with remedies has to be examined for a specific determination whether they are comprehended within the grant

of affirmative action which the Commissioner may take to effectuate the policies of the Virgin Islands Labor Relations Law, 24 V.I.C. § 68(c), NLRB v. Parkers Prairie Coop. Assn., 11 CCH Lab. Cas. Par. 63089, 154 F.2d 455 (8th Cir. 1946).

This is to be done bearing in mind the principle that within the phrase "affirmative action" the Commissioner has wide discretion in ordering affirmative action. And that his power is not limited to reinstatement with or without back pay. Finally, that the particular means by which the effects of unfair labor practices are to be expunged are matters for the Commissioner, not this Court, to determine. Virginia Electric & Power Co. v. NLRB, 7 CCH Lab. Cas. Par. 51,161, 319 U.S. 533 (1943).

■ Additional evidence on the principal issues may only be taken where such evidence is material and there were reasonable grounds for the failure of the moving party to present the evidence in the original hearing, NLRB v. Mastro Plastics Corp., 26 CCH Lab. Cas. Par. 68,584, 214 F.2d 951 (2nd Cir. 1954).

■ Guided by these standards, it is the opinion of this Court that the unfair labor practices are sustained by a preponderance of the evidence; and that the Commissioner has made findings of fact, drawn conclusions of law and issued an order consistent with the record before him, the same record which is before this Court.

■ The respondent had raised additional questions which need disposition. The respondent has asked for an opportunity in this Court to produce additional testimony with respect to the circumstances surrounding the dismissal of the employees in question. The rule is well settled that although the party adversely effected by an order of the Commissioner has no right to judicial review of any question not raised before the Commissioner or to produce additional testimony on questions already raised, the Court

672

does retain authority to review any question in the proceeding brought by the Commissioner for enforcement of its order, NLRB v. Red Spot Electric Co., 20 CCH Lab. Cas. Par. 66,410, 191 F.2d 697 (9th Cir. 1951). Since this Court, after a careful examination of the record, has concluded that there is ample evidence to support the findings of the Commissioner with respect to unfair labor practices, this Court will not allow further taking of evidence on this issue; and it will not, as it need not, discuss in detail the facts in support of the ruling and order of the Commissioner, Trumbull Asphalt Co. v. NLRB, 47 CCH Lab. Cas. Par. 18146, 314 F.2d 382 (7th Cir. 1963), *cert. den.*, 47 CCH Lab. Cas. Par. 18299 (U.S. Supreme Court).

The employer claims that the operating conditions of the defendant company have so changed since the issuance of the order that if this Court affirms the order and accordingly requires reinstatement of three of four employees, such reinstatement would be impossible of performance. The record before this Court is of course silent on the issue of changed circumstances of the employer.

The Court therefore concludes that the petition for enforcement of the order of the Commissioner will be granted and the order will be enforced, subject to the following limitations.

 In the event the employees do not wish reinstatement, then and in that event so much of the order of the Commissioner as requires back pay will be enforced less any sums received by the workers from other employment during the period of time in question. Under 24 V.I.C. § 68(c) the Commissioner may take such affirmative action, including reinstatement of employees with or without back pay as will effectuate the policies of this act.

██ In the event that the employees wish reinstatement but the Commissioner determines, after proper notice, hearing, and the taking of testimony, that the conditions

of the employer have so changed as to make reinstatement a remedy which is impossible of performance and therefore not in furtherance of the policies of the Labor Management Act, then and in that event only so much of the order as requires back pay shall be enforced.

■ Since one of the four employees in question, to wit, Stanley Babrow is deceased, as to him reinstatement is obviously not a proper form of relief. Yet, it is to be added, that back pay would be a proper form of relief. Accordingly, the death of that employee since the issuance of the Commissioner's order requiring his reinstatement with full reimbursement for his loss of earnings does not render this proceeding moot as it applies to decedent. Since the order will be sustained, decedent's estate is entitled to be made whole for any loss of pay suffered by Stanley Babrow minus any earnings between the date of discharge and his death.

■ On the other hand, if the Commissioner of Labor after proper notice and hearing and the adducing of testimony determines that the circumstances of the employer have not so changed as to make impossible of performance the requirement of reinstatement and if the three employees so wish, then and in that event the employer is left to its remedy. It may bring this matter back to the Municipal Court for review limited to the question whether reinstatement in the circumstances detailed by the record is such as to be in furtherance of the policies of this act, or whether it would be impossible of performance.

Let order issue in accordance with this opinion.