COMMISSIONER OF LABOR OF THE VIRGIN ISLANDS, Petitioner

v.

CARIBE CONSTRUCTION CO., Respondent

No. 189-1966

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 18, 1969

See, also, 295 F.Supp. 459

A. ROBERT PFEFFER, Assistant Attorney General of the
Virgin Islands, *for petitioner*

GEORGE H. T. DUDLEY, ESQ., *for respondent*

VAN DUSEN, *Circuit Judge*

MEMORANDUM SUR PLEADINGS AND PROOF

This case is before the court on a Petition (filed 6/27/66
pursuant to 24 V.I.C. § 69 and amended by order of
the court dated 11/7/66) for enforcement of an order of
the Commissioner of Labor of the Virgin Islands entered
January 20, 1966, as the result of a proceeding under 24
V.I.C. § 68. Findings of Fact and Legal Conclusions were in-
cluded in the Decision filed with this January 20, 1966,
order on that date. Respondent never appeared in the ad-
ministrative proceeding under 24 V.I.C. § 68 and has never
filed a petition for judicial review of that proceeding as
permitted by 24 V.I.C. § 70. However, the day before the

---

* Sitting by designation.

trial date, respondent filed a Motion to Dismiss the Enforcement Order[1] which summarizes the arguments made on its behalf at the trial.

 The above-mentioned Decision finds that respondent refused, and continues to refuse, to recognize and bargain with The Virgin Islands Labor Union (petitioner in the proceeding under 24 V.I.C. § 68 which resulted in the January 20, 1966, order), despite the certification of the union as the collective bargaining representative of respondent's employees. This finding is supported by substantial evidence. See 24 V.I.C. § 70(b), which provides:

"The findings of the Commissioner as to the facts, if supported by substantial evidence, shall be conclusive."

V.I. Labor Union v. Caribe Construction Co., 5 V.I. 665, 669 (1966), and cases there cited.[2]

 The principal argument of respondent is that the order of 1/20/66 is moot because respondent is no longer in the business of construction. Respondent's president made this suggestion to the Commissioner in the administrative proceeding under 24 V.I.C. § 68 by letter of 12/16/65 (see footnote 1 of Decision of 1/20/66) and it was rejected. The Federal Courts have repeatedly stated that a violator of the law cannot escape injunctive proscription by ceasing the activity in which the legal violation occurred because such violator might later decide to resume such activity. See United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953); I. C. C. v. Barron Trucking Co., 276 F.2d 275 (3rd Cir. 1960); United States v. Aluminum Company of America, 148 F.2d 416 (2nd Cir. 1945); United States

---

[1] The trial was held as scheduled, 1/15/69. This Motion is untimely as a Motion and has been considered as an offer of the exhibits attached to it.

[2] As indicated above, it would appear that the proper way to challenge the decision and order of 1/20/66 was by a Petition for Review under 24 V.I.C. § 70, which respondent did not file. See NLRB v. Natl. Min. Co., 134 F.2d 424, 425, 6 (7th Cir. 1943).

v. Jerrold Electronics Corp., 187 F.Supp. 545, 571 (E.D. Pa. 1960), aff'd 365 U.S. 567 (1961).

There is no showing that the employer's September 30, 1967, report of change in status of business to the Unemployment Insurance Division restricts its corporate power to resume the construction business in 1969.[3]

■ However, 24 V.I.C. § 69 provides that this court "may grant such temporary relief or restraining order as it deems just and proper or issue a decree . . . modifying and enforcing as so modified . . . the order of the Commissioner". In view of the delay in bringing this matter to trial,[4] all the wording of the order and notice filed on 1/20/66 is no longer "just and proper". For this reason, certain alterations in the language used in that order are contained in the modifications of that order being enforced by this court today.

---

[3] The fact that the name of the corporation has been changed to Caribe Investment and Development Company, Inc., also does not establish lack of corporate power to re-enter the construction business. For the purposes of this decision, the truth of respondent's offer of proof at the January 15 trial, as well as the genuineness of the documents attached to his 1/14/69 Motion, have been assumed.

[4] Respondent's contention that the delay was caused entirely by petitioner is rejected.