JOHN HANLEY, OBADIAH HANLEY, ADRIANNE HANLEY, individually, and AVRIL HANLEY, SHEVERTON HANLEY by their next friend and guardian JOHN HANLEY, Plaintiffs

v.

AUSTIN JONES and WINSTON LIBURD, Defendants

Civil No. 1092/1982

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

October 3, 1984

BERTRAM L. CHARLES, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JUDITH TURNER, ESQ. (ISHERWOOD HUNTER AND COLIANNI), Christiansted, St. Croix, V.I., *for defendant Austin Jones*

WINSTON LIBURD, Christiansted, St. Croix, V.I., *pro se*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Austin Jones' Motion for Summary Judgment. For the reasons set forth below, this Court will grant the Motion.

## FACTS

Plaintiffs Obadiah, Adrianne, John, Avril and Sheverton Hanley brought suit against defendants Austin Jones and Winston Liburd, seeking monetary damages for injuries sustained in an automobile accident which occurred on October 31, 1982. The record establishes that defendant Jones was the owner and defendant Liburd was the driver of the vehicle on the day in question.

The record indicates further that at the time of the accident defendant Jones was in St. Lucia. Prior to his departure from St. Croix, he instructed defendant Liburd's brother, Lawrence Liburd, to drive Jones' car from Hess to his home, leave the car in Jones' yard and remove the battery from the vehicle. (Affidavit of Austin Jones at ¶¶ 2–5.) Lawrence Liburd drove the car to Jones' home and did not remove the battery. He also did not give the car keys to defendant Liburd. (Affidavit of Lawrence Liburd at ¶¶ 2–7.) Defendant Liburd, however, took the keys, drove the car and subsequently collided with plaintiffs' car on a public road in the vicinity of Work and Rest, Christiansted, St. Croix. Plaintiffs then filed a complaint seeking damages against defendants Jones and Liburd. Defendant Jones now moves this Court for Summary Judgment on the grounds that defendant Liburd was not given permission to use Jones' car and was neither Jones' agent nor his employee at the time of the accident.

## ISSUES

The issues before the Court are whether defendant Jones, as the owner of the vehicle, is liable for the negligence of the driver, defendant Liburd and whether there are any issues of material fact which would preclude defendant Jones' Motion for Summary Judgment as a matter of law.

## DISCUSSION

 An owner is not liable per se by reason of his interest in an automobile unless it is proven that the owner's negligence caused the accident and was a direct cause of the injury or damage, or unless it is proved that said negligence was that of the owner's agent

or employee acting within the scope of his employment. Smith v. Hertz Rent-A-Car, 262 F.Supp. 431, aff'd, 377 F.2d 885 (1967). In addition, under the theory of negligent entrustment, an owner may be liable if he is negligent in entrusting a vehicle to an incompetent or unfit person.[1]

▮▮ In ruling on a motion for summary judgment, a court must resolve all factual disputes against the moving party. However, when an issue of fact is supported by affidavits or other evidence that admit of only one conclusion, the court may not draw an opposite conclusion merely on the basis of unsupported allegations. Chirinos de Alvarez v. Creole Petroleum Corp., 613 F.2d 1240, 1244 (3d Cir. 1980). In the instant matter, plaintiffs do not assert and the record is void of any evidence that defendant Liburd was either defendant Jones' agent or employee at the time of the accident. However, plaintiffs do assert owner liability on the basis of negligent entrustment. Specifically, they aver that Jones "authorized, consented and permitted the defendant, Winston Liburd, to operate his vehicle knowing that he was a reckless, unqualified and incompetent driver." (Plaintiffs' Complaint at ¶ 5.) Yet the record again reveals that no issues of material fact remain with regard to Jones' claim that he did not, either directly or impliedly, give his automobile to defendant Liburd. For instance, in support of the instant motion, affidavits by Jones and Lawrence Liburd reveal that defendant Jones left his car at Hess upon his departure from St. Croix to St. Lucia; he instructed Lawrence Liburd to drive the car from Hess to Jones' home; Liburd drove the car to Jones' home and retained the keys to the car at his (Liburd's) home but did not give defendant Liburd permission to use them. (Affidavit of Austin Jones at ¶¶ 2-5; Affidavit of Lawrence Liburd at ¶¶ 2-8.) Later, Winston Liburd took the keys, drove the car and subsequently collided with plaintiffs' vehicle.

▮ The burden on the non-moving party in a Rule 56 summary judgment motion is not a heavy one; he is simply required to show specific facts, as opposed to general allegations, that present a

---

[1] Under this theory, one who supplies directly or through a third party a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

RESTATEMENT (SECOND) OF TORTS § 390 (1977).

genuine issue worthy of trial.[2] 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (Civil 2d ed. 1983).

Plaintiffs' response contains precisely such bald allegations. Specifically, they claim that "the parties were not strangers but rather they were of the same household. In this regard, it must be pointed out that no charges or complaint was ever filed by defendant Jones against Winston Liburd for the unauthorized taking or using of his vehicle. One can reasonably infer from the conduct of the parties that Winston Liburd had defendant Jones' consent to drive his car." (Plaintiffs' Response in Opposition to Defendant Austin Jones' Motion for Summary Judgment at p. 2.) Plaintiffs have provided no affidavits, admissions, answers to interrogatories or other admissible evidence to support their contentions. Those allegations standing alone will not be transformed by this Court into specific facts which present a general issue worthy of trial.[3] The affidavits before the Court admit of only one conclusion; namely, that defendant Jones did not, either directly or impliedly, entrust his vehicle to defendant Liburd. Furthermore, there are no specific facts which show that defendant Liburd was an incompetent driver or that Jones knew of such incompetency, if any. Since plaintiffs have not placed the facts claimed in the affidavits of defendant Jones and Lawrence Liburd at issue, the Court will not draw an opposite conclusion on the basis of plaintiffs' unsupported allegations.

■ For the reasons set forth above, defendant Austin Jones' Motion for Summary Judgment is GRANTED.

## ORDER

For the reasons set forth in the Memorandum Opinion filed on even date herewith, it is

ORDERED that defendant Austin Jones' Motion for Summary Judgment and Dismissal of the Complaint be, and the same hereby is GRANTED.

---

[2] Rule 56(e) provides, in pertinent part,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

[3] See fn. 2, supra.