**CLINT AERO, INC., Plaintiff**

v.

**GROUND SERVICES, INC. a/k/a ARA GROUND SERVICES, INC., Defendant**

Civil No. 88-284

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 14, 1990

GEORGE MARSHALL MILLER, St. Thomas V.I., *for plaintiff*

WILFREDO A. GEIGEL, St. Croix, V.I., *for defendant*

WOLIN, *District Judge*

## MEMORANDUM

Presently before the Court two motions for summary judgment, one each having been filed by plaintiff Clint Aero, Inc. ("Clint Aero") and defendant Ground Services, Inc. a/k/a ARA Ground Services, Inc. ("Ground Services"). Oppositions and replies thereto have been filed by each party. This case arose when a Ground Services truck was found to have run into the wing of an airplane owned by Clint Aero. The plane was damaged by the impact of the collision. At issue is defendant's liability for these damages. For the following reasons, both motions will be denied.

## I. FACTS

Both parties are Virgin Islands corporations operating businesses based at the Cyril E. King Airport in St. Thomas. Clint Aero operates a commercial airline service. Its inventory includes a 1963 Aero Commander 680 FL, an airplane manufactured by Rockwell Industries, and bearing Serial No. 1370-43 and Registration No.

447

111UA (hereinafter known as "the plane"). Defendant Ground Services is engaged in the business of servicing aircraft using the St. Thomas airport. As part of its services, Ground Services utilizes a piece of equipment known as a "truck-stairs." The truck-stairs consists of a passenger boarding staircase which is mounted onto a truck. The staircase is parked alongside large airplanes and enables passengers to board or exit these planes.

The following facts are undisputed. On or about April 28, 1988, between the hours of midnight and 6 a.m., the plane owned by plaintiff Clint Aero was parked on the airfield of the Cyril E. King Airport. Defendant's truck-stairs was parked approximately 75 feet away from the plane. At some point during these hours, defendant's truck-stairs was driven into the plane's wing. As a result, the plane sustained severe damage. Plaintiff's cause of action was filed approximately four months later, claiming damages based upon, inter alia, theories of negligent entrustment and respondeat superior. Motions for summary judgment were filed shortly thereafter.

## II. SUMMARY JUDGMENT STANDARD

 The standard for granting summary judgment is a stringent one, but it is not insurmountable. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986); Lang v. New York Life Ins. Co., 721 F.2d 118 (3d Cir. 1983). In deciding whether there is a disputed issue of material fact the Court must view all doubt in favor of the nonmoving party. Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983), cert. denied, 465 U.S. 1091 (1984); Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 874 (3d Cir. 1972). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

 Recent Supreme Court decisions mandate that "a motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." J.E. Mamiye & Sons, Inc. v. Fidelity

Bank, 813 F.2d 610, 618 (3d Cir. 1987) (Becker, J., concurring), citing, Anderson, 477 U.S. 242 and Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Thus, even if the movant's evidence is merely "colorable" or is "not significantly probative," the Court may grant summary judgment. Anderson, 477 U.S. at 249–250.

## III. DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

Clint Aero's summary judgment motion claims support in the underlying record and deposition testimony given by Mr. Albion Peterson, a former airport operations supervisor whom had worked for Ground Services for 15 years. Plaintiff offers testimony from Mr. Petersen stating that the airport ramp area was poorly lighted and at the time of the accident, insufficiently protected by security personnel. Mr. Petersen also testified that the ramp area was easily accessible to the public through openings in the fence and that numerous airline personnel had keys for the front door.

Clint Aero also focuses on Mr. Petersen's testimony regarding prior incidents wherein Ground Services' equipment would be found in a different place than where it had been parked the night before. It appears that until approximately two years before the accident, Ground Services maintained a policy where the keys to its equipment were stored in the office during the night, as opposed to being left in the equipment. This practice was changed when a new general manager decided it was inconvenient to have to retrieve a key from the office every time, before moving the equipment. Thereafter, the keys were left in the equipment overnight and steps were taken to convert the key ignitions into automatic starters which could be started by the push of a button.

Mr. Petersen testified that on occasion, he would come to work and have to search the airport grounds in order to locate equipment which was no longer located where he had parked it the night before. He stated that he talked to general manager Michael Dawson about this problem, but Dawson did not want to change this policy.

Relying primarily upon Mr. Petersen's testimony, Clint Aero asserts that Ground Services' liability is established under a so-called

449

"key-in-ignition" statute set forth in V.I. Code Ann. tit. 20, § 497(a) (Equity 1967). Section 497(a) provides in pertinent part that

> [n]o person driving or in charge of a motor vehicle[1] shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key and effectively setting the brake thereon. . .

In opposition, Ground Services claims that when viewed in full, Mr. Petersen's testimony offers contradictory conclusions and only raises further genuine issues of material fact. Defendant also argues that section 497(a) is a parking regulation, meant to be applied to public streets or highways and as such, was not intended to encompass the instant factual situation. In reply, Clint Aero contends that section 497(a) is applicable to all parking areas, including the airport ramp. In support of this argument, plaintiff offers V.I. Code Ann. tit. 20, § 552 which states

> [t]he provisions of this chapter and its regulations relative to traffic shall be applicable to every driver of a motor vehicle in all parking areas open to the public, which parking areas shall be considered for the purposes of this chapter to be public highways.

█ As an initial point, the Court finds that Clint Aero's depiction of the airport ramp as being part of section 552's "public parking area," is misplaced. Plaintiff asks the Court to take judicial notice of the "openness of the St. Thomas airport," but the Court is unable to do so at this time. Regardless of the public's alleged ability to access the airport ramp, this area is fenced, and regulated by at least some security personnel.[2] The presence of various locked gates and the surrounding fence compels the Court to conclude that the airport is intended to be a restricted work area from which the general public is prohibited from entering on an unsupervised basis.

██ Moreover, the main purpose of the airport ramp is to provide parking space for visiting aircraft and the vehicles that service them. As such, the ramp is not intended for traffic by public vehicles

---

[1] Under the V.I. Code, "motor vehicle" is defined to include "all vehicles propelled by power other than muscular, except those running upon rails or tracks, road rollers, tractors, and self-propelled plows." V.I. Code Ann. tit. 20, § 301 (Equity 1967).

[2] Plaintiff indicates that any security personnel remain at the airport terminal, roughly a half-mile away from Ground Services' operations. This fact is not disputed by defendant.

and cannot be held to be one of the "public highways" referred to by section 552. The Court thus finds that the "key-in-ignition" statute set forth in section 497(a) was not intended to cover the Cyril E. King Airport ramp area. Clint Aero cannot rely upon section 497(a) to establish plaintiff's negligence.

It thus remains for the Court to decide whether absent statutory breach, Clint Aero has established that summary judgment should lie in its favor as to Ground Services' breach of duty of care. As noted by plaintiff, the "key-in-ignition" case law seems to fall into two broad categories, those which are statutorily based and those which are not. See Annot., 45 A.L.R.3d 787, 795 (1972). Having found that section 497(a) is not applicable, the Court must consider the underlying facts to determine whether a duty of care arises on the part of Ground Services.

The Court's review of pertinent case law has not discovered any cases which are closely on point. Moreover, the Court finds that reasonable minds could differ as to whether the ramp was adequately secured, the lighting was sufficient and in light of the prior incidents of moved equipment, Ground Services' policy was reasonable. The foreseeability of the instant action depends heavily upon one's interpretation of these facts.

██ Under most circumstances, the issue of a dependant's duty of care would be a question for the Court's determination. See Restatement (Second) of Torts § 328B comment on clause b (1965). However, where a question of law involves a ruling upon issues of fact, the matter may be referred to the jury. Id.; see also Marks v. Mobile Oil Corp., 562 F. Supp. 759, 767–768 (E.D. Pa. 1983), aff'd, 727 F.2d 1100 (3d Cir. 1984). When looked at in a light most favorable to Ground Services, the Court finds that given the restricted nature of the ramp and the absence of any prior accidents, a jury might find "key-in-ignition" policy to be reasonable. This being so, the Court is unable to enter judgment in plaintiff's favor.

## B. Defendant's Motion for Summary Judgment

Defendant's motion for summary judgment asserts that plaintiff cannot show that Ground Services is liable for plaintiff's damages under either a theory of respondeat superior or negligent entrust-

ment. In a supplemental memorandum,[3] Ground Services submits an affidavit by general manager, Michael Dawson stating that during the time that the accident must have occurred, no employee or agent was on duty, nor was any agent or employee authorized to operate any of the vehicles during this period. Dawson states that no employee operated the truck-stairs and that the person who did so, operated it without defendant's knowledge or permission. In essence, defendant argues that the doctrine of respondeat superior is based upon a "scope of employment theory" and Clint Aero is unable to prove that whoever drove the truck-stairs did so within that scope of employment.

Ground Services also argues that plaintiff's theory of negligent entrustment is untenable because plaintiff cannot prove that defendant entrusted the truck-stairs to the unknown driver with knowledge that entrustment was unreasonable. Finally, Ground Services submits that the vehicle was taken by a third party without knowledge or permission, and as such, this "criminal act" relieves defendant of any liability. Ground Services concludes that plaintiff's action must therefore fail for lack of causation.

In opposition, Clint Aero argues that defendant fails to address the issue of negligence involved in leaving an unattended vehicle on the ramp with the key in its ignition. Plaintiff states that the presence of the keys in the ignition raises an issue as to whether defendant's employees actually operated the truck-stairs or negligently left the key's in the ignition overnight.

 The Court finds that genuine issues of material fact are indeed present as to whether the Clint Aero employees were negligent in leaving the keys in the ignition. Accordingly, defendant's motion for summary judgment will be denied.

An appropriate order will be entered.

## ORDER

This matter having come before the Court on motions for summary judgment filed by defendant Ground Services, Inc. a/k/a ARA Ground Services, Inc. and plaintiff Clint Aero, Inc. respectively; and

---

[3] Defendant's supplemental memorandum was filed in response to plaintiff's claim that defendant's initial motion for summary judgment was unsupported by affidavits or sworn evidence. Because Dawson's affidavit is now a part of the record, the Court does not address this particular objection by plaintiff.

The Court having considered the parties' submissions; and

For the reasons set forth in the Court's memorandum of even date;

IT IS on this 14th day of December, 1990

ORDERED that the motion for summary judgment filed by defendant Ground Services, Inc. a/k/a ARA Ground Services, Inc. is DENIED.

FURTHER ORDERED that the motion for summary judgment filed by plaintiff Clint Aero, Inc. is DENIED.