**WHITMORE LETTSOME, Appellant**

**v.**

**THE VIRGIN ISLANDS TAXI ASSOCIATION, Appellee**

D.C. Civ. 92-193

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 9, 1994

166

Nancy D'Anna, Esq., St. John, U.S.V.I., *for Appellant*

Rhys Hodge, Esq., St. Thomas, U.S.V.I., *for Appellee*

THOMAS K. MOORE, *Chief Judge,* District Court of the Virgin Islands; STANLEY S. BROTMAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and MARIA M. CABRET, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

On Appeal from the Territorial Court of the Virgin Islands

## OPINION OF THE COURT

Whitmore Lettsome appeals the Territorial Court's July 1, 1992 Order denying his motion for summary judgment. He contends that the Territorial Court erred in refusing to review and grant reinstatement and damages with respect to appellant's expulsion from the Taxi Association's executive committee. He also alleges that the trial court erred by denying his request for review of the Taxi Association's policies and procedure. For the reasons set forth below, this Court affirms the Territorial Court's Order.

## FACTUAL BACKGROUND

Appellant is a member of the Virgin Islands Taxi Association ("Taxi Association" or "Association"), an unincorporated association. The Association operates what it refers to as a sister corporation known as Tours and Travel, Inc. ("Tours and Travel"). Tours and Travel oversees operation of a tour concession for cruise ship passengers. Members are compensated based on the amount of passengers serviced. The Association's dispatcher, acting on behalf of Tours and Travel, assigns and tallies the number of tour passengers and collects pre-purchased tickets from the tourists. When a dispute arises regarding the amount of passengers carried by the taxi driver, the dispatcher's calculations control.

Appellant alleged that the dispatcher frequently miscalculated the number of passengers and sued the Association for equitable relief to require the use of a procedure that would verify the

dispatcher's calculations (Terr. Ct. Civ. No. 540/1990). After filing the action, appellant alleges that he was removed from the Association's Executive Body without written notice. The Association contends that appellant's removal was a result of the adoption by the general membership of the executive committee's recommendation to temporarily suspend appellant during the pendency of the lawsuit.

While the first suit was still pending, appellant filed a second action seeking a preliminary and permanent injunction based on the same or similar claims (Terr. Ct. Civil No. 1037/1990). Preliminary relief was denied after a preliminary hearing, and the matters were consolidated and scheduled for expedited review. Appellant then moved for summary judgment, which was denied on July 1, 1992. In *dicta*, the trial court opined that it

> [did] not believe that the minor problems concerning verification raised by the plaintiff justified this court's intrusion into the internal affairs of the Virgin Islands Taxi Association. The appropriate remedy for the plaintiff, and any other members similarly dissatisfied, was to petition the membership to implement alternative rules and regulations.

Before a subsequent hearing was held, the Territorial Court approved the parties' stipulation of voluntary dismissal which acknowledged that notwithstanding injunctive relief, no other issues remained.[1] This timely appeal ensued.

## DISCUSSION

Before addressing appellant's substantive claims, we find that appellant's claim for reinstatement was rendered moot by the expiration of his elected term to the Taxi Association's executive

[1] The parties stipulated and the Territorial Court found that "the problems concerning verification [do] not justify intrusion by the Court into the internal affairs of the Virgin Islands Taxi Association." Appendix ("App.") (Stipulation for Entry of Final Judgment). In its refusal to interfere with the Association's internal procedures, the trial judge stated that the Association was free to interpret and administer its own rules and regulations. App. (Order dated July 1, 1992).

Although the Court is gratified that appellant fulfilled his obligation to coordinate submission of a joint appendix, counsel for both parties are reminded to independently number the pages of the appendix for ease and convenience of reference.

committee. If this were the only issue before this Court, the matter would have been remanded with instructions for the trial court to dismiss the action as moot. See Apex Construction Company, Inc. v. Government of the Virgin Islands, Civ. No. 93-7766 (3d Cir. May 27, 1994) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39, 95 L. Ed. 36, 71 S. Ct. 104 (1950)). Other substantive issues remain before this Court, however.

■ Two such issues are whether appellant was wrongfully deprived of a hearing before removal from office and whether the trial court erred in denying review of the Taxi Association's policies and procedure. This Court reviews "the denial of injunctive relief for abuse of discretion, which occurs if the [trial] court's decision rests on a clearly erroneous finding of fact, an error of law, or a misapplication of law to the facts." Marco v. Accent Publishing Co., Inc., 969 F.2d 1547, 1548 (3d Cir. 1992), rehearing denied en banc, 1992 U.S. App. LEXIS 20383 (3d Cir. Aug. 28, 1992). "In determining whether an underlying error exists, we exercise plenary review of the [trial] court's application of the law . . . to the facts." Id.; see, e.g., Levendos v. Stern Entertainment, Inc., 909 F.2d 747, 749 (3d Cir. 1990).

■ ■ In general, courts exercise judicial restraint regarding controversies concerning the internal operating procedures and rules of voluntary organizations. Exception is made when a member is expelled or suspended without due process, is inhibited or deprived of his property right, is unreasonably restrained from performing his trade, or suffers from some other constitutional infringement. Reviewing courts must "preserve a careful balance between the protection of the rights of individual members on the one hand, and the maintenance of strong and effective union leadership and the avoidance of undue interference in internal affairs on the other". Falcone v. Dantinne, 420 F.2d 1157, 1164 (3d Cir. 1969). "The courts should not upset the Association's management of its affairs unless its decision is inconsistent with fundamental fairness, or was reached in violation of the organization's own rules, or otherwise constitutes 'illegal action.'" International Assoc. of Machinists v. Friedman, 102 U.S. App. D.C. 282, 252 F.2d 846, 849 (D.C. Cir.), cert. denied 357 U.S. 926, 2 L. Ed. 2d 1370, 78 S. Ct. 1370 (1958).

■ The Taxi Associations' Constitution and Bylaws included disciplinary procedures as well as avenues to have grievances addressed.[2] Appellant failed to follow those procedures and refused to pick up passengers involved with Tropic Tours, yet he complained about the favoritism experienced in his job and the inaccurate tallies by dispatchers. None of these allegations, however, rise to the level of constitutional violations, since appellant admittedly had channels within the Association to seek relief and he still practices his trade of operating his taxi.[3] Thus, we find that appellant waived his right to a hearing by not following the grievance procedures available to him.

■ We now examine whether appellant's removal from the Association's Executive Body was appropriate. Upon review of the record, we note that the Association did not precisely follow its procedures required by its Constitution. Appellant nonetheless received actual notice of the scheduled membership meeting; thus, the intent of the requirement to give written notice was satisfied and the trial court did not err in finding substantial conformance.[4]

---

[2] App. By-Law 1-A provides for disciplining any member "for conduct or patterns of conduct reflecting negatively upon the Association . . . or affecting the efficient and effective managing of the Association." Executive Committee members may by removed for "conduct contrary to the interest of the Association." The member should receive written notice of the charges and the hearing. A ⅔ vote of those present (comprising a quorum) must favor removal based on the charges. Any member may move to have the Constitution amended pursuant to Article VIII of the Constitution.

In addition, an officer or dispatcher may temporarily suspend a member for refusal to take an assignment or other violation of the rules of the Association's concession at the time Of the violation." By-Law 5-A. The member is entitled to notice and an opportunity to appeal.

[3] Nothing in the record indicates that the Association's procedures were unfair. "What constitutes a full and fair hearing in a union disciplinary proceeding must be determined from the traditional concepts of due process of law, the common law precepts governing the judicial control of internal union affairs and the sparse case law . . . ." Falcone v. Dantinne, 420 F.2d 1157, 1165 (3d Cir. 1969). Furthermore, appellant mischaracterizes the Association's violation as 'monetary' in nature or a 'breach of contract.'

[4] See App. (Order denying summary judgment dated July 1, 1992). We "do not look with favor upon interference by the courts in the internal workings of any fraternal, religious, or labor organization. If, in the matter of discipline, the court finds that substantial conformity has been had and that substantial justice has been done and the procedures have been fair and reasonable, the courts are extremely reluctant in any wise to interfere . . . ." Underwood v. Maloney, 152 F. Supp. 648, 660-61 (E.D. Pa. 1957), aff'd in part and vacated in part on other grounds 256 F.2d 334 (3d Cir.), cert. denied 358 U.S. 864 (1958).

Moreover, testimony below revealed that appellant used his position on the Board to obtain some documents for use in his lawsuit. There is no evidence that the suspension was anything but temporary, providing that appellant obeyed the rules and procedures of the Association. Temporary removal from the Board until after appellant's lawsuit with the Association was therefore not a permanent infringement of appellant's rights. It certainly could not be characterized as "expulsion" as appellant would have us do. We therefore find no error in the trial court's analysis or conclusion that such temporary removal was appropriate.

## CONCLUSION

For the foregoing reasons, we affirm the Territorial Court's Order dated July 1, 1992 and Stipulated Judgment dated August 19, 1992. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 9th day of November, 1994, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Order dated July 1, 1992 and Stipulated Judgment dated August 19, 1992 are AFFIRMED.