**EISENHOWER THOMAS, Appellant**

**v.**

**ABAMAR-BB, LISA MOORHEAD as COMMISSIONER OF
VIRGIN ISLANDS DEPARTMENT OF LABOR, VIRGIN
ISLANDS DEPARTMENT OF LABOR, and GOVERNMENT OF
THE VIRGIN ISLANDS, Appellees**

D.C. Civ. App. No. 1995-59

T.C. Civ. No. 150-1995

District Court of the Virgin Islands

Div. of St. Croix

August 8, 1996

RICHARD AUSTIN, ESQ., (Supervising Attorney, Legal Services of the
Virgin Islands), St. Croix, U.S.V.I., *for Appellant*

117

DAVID NICHOLS, ESQ., (D'AMOUR, JONES, STRYKER, DUENSING, & NICHOLS), St. Croix, U.S.V.I., *for Appellees*

BEFORE: MOORE, *Chief Judge*, FINCH and MEYERS, *Judges*

## OPINION OF THE COURT

PER CURIAM

We address on appeal whether the Territorial Court abused its discretion or erred by denying appellant's request for a writ of review without reviewing the Department of Labor record, based on a finding that appellant failed to meet his burden of establishing agency error. For the reasons stated herein, we affirm the Territorial Court's decision.

**FACTUAL BACKGROUND**

This appeal grows out of the Territorial Court's denial of a request for a writ of review by appellant Eisenhower Thomas ["Thomas"]. Thomas sought review of a ruling of the Virgin Islands Department of Labor rejecting his wrongful discharge complaint against his former employer, appellee Abamar-BB ["Abamar"].

The record reveals that Thomas worked for Abamar as a construction laborer from January 1 to July 27, 1994, at which time Abamar terminated Thomas for misconduct. Thomas filed a wrongful discharge complaint against Abamar with the Virgin Islands Department of Labor ["the Department"] under V.I. CODE ANN. tit. 24, §§ 76-79 (1993) [the "Wrongful Discharge Statute"], seeking reinstatement and full restitution. Appellant's Appendix ["App."] at 12.

The Department held a informal hearing before an administrative law judge ["hearing officer"], which Thomas and his attorney attended, but Abamar did not. Thomas did not present evidence at the hearing. Thomas states that the hearing officer informed him that a formal hearing would take place at a later date, and that such a hearing was never scheduled or held. Appellant's Brief ["Br."] at 5. On January 27, 1995, the Department issued a Memorandum Opinion and Order dismissing Thomas' complaint with prejudice, stating that an employment contract governing Thomas' relation-

ship with Abamar modified his rights under 24 V.I.C. § 76, and therefore that the Department lacked subject matter jurisdiction to hear the complaint. App. 9-11.

Thomas petitioned the Territorial Court for a writ of review of the hearing officer's decision, asserting in part that

(8) [t]he alleged contract was not an arm's length transaction, is unconscionable, contrary to law and cannot be the basis for excluding [Thomas'] employment relation from the Wrongful Discharge Statute[;]

(9) [t]he decision of the Hearing Officer is not supported by substantial evidence and is clearly against the manifest weight of evidence, unlawful, unreasonable, unjust and erroneous[;]

(10) [t]here is no appeal or other plain, speedy, adequate remedy available to [Thomas], and the erroneous ruling of the Hearing Officer has injured substantial rights of the Petitioner[;] and

(11) [Thomas] is not in possession of a transcript of the proceedings, and, therefore, cannot set forth with particularity every error which may appear on the record.

App. at 6-7. Although Thomas attached a copy of his employment contract to his petition as an exhibit; he did not tell the Territorial Court that neither he nor Abamar had provided a copy to the Department's hearing officer. Thomas also failed to advise the court that whatever proceedings took place at the Department had not been recorded and thus could not have been transcribed.[1]

The Territorial Court judge denied the writ of review on April 3, 1995, in a ruling stating that "[t]he court . . . finds that the Petitioner has failed to meet his burden of establishing that the Administrative Law Judge exercised her function erroneously or exceeded her jurisdiction therefore causing injury to the substantial right of the Petitioner." App. at 4. Thomas appealed.

---

[1]Indeed, the first notice this Court was given that no record had been made at the Department level was by Thomas' counsel upon questioning at oral argument on June 19, 1996.

## DISCUSSION

■ We note at the outset that our review of the Territorial Court's application of legal precepts is plenary. *See Nibbs v. Roberts,* 31 V.I. 196, 204 (D.V.I. App. 1995). We review the Territorial Court's findings of fact for clear error. 4 V.I.C. § 33.

■ The Virgin Islands Code provides in the Wrongful Discharge Statute that a party may petition the Territorial Court to review the Department's decision:

> Any person aggrieved by a final order of the Commissioner [of Labor] granting or denying in whole or in part the relief sought may obtain a review of such order by filing in the Territorial Court or the District Court, within 30 days of its issuance, a written petition praying that such decision of the Commissioner be modified or set aside.

24 V.I.C. § 70(a). The Code articulates the standards by which the Territorial Court will conduct such review:

> No objection that has not been urged before the Commissioner shall be considered by the Court unless the failure or neglect to urge such objection is excused because of extraordinary circumstances. The findings of the Commissioner as to the facts, if supported by substantial evidence, shall be conclusive.

24 V.I.C. § 70(b).[2]

These standards of review have been applied and upheld by the courts. While a party may seek a writ of review of a hearing board, "[t]he party adversely effected by an order of the Commissioner has no right to judicial review of any question not raised before the

---

[2]Section 76 of the Wrongful Discharge Statute enumerates the various grounds for discharge. Section 77 articulates the procedures for filing and hearing a complaint; this section also allows the Commissioner, after findings of fact, to issue an order for reinstatement with back pay for a wrongfully discharged employee, or to issue an order dismissing the complaint if no finding of wrongful discharge is made. 24 V.I.C. § 77(c). Sections 78 and 79 allow for judicial enforcement of the Commissioner's orders, and compensatory and punitive damages, respectively. *See Hess Oil Virgin Islands Corp. v. Richardson,* 32 V.I. 336, 894 F. Supp. 211 (D.V.I. App. 1995), *appeal dismissed,* No. 95-7381 (3d Cir. May 7, 1996).

Commissioner or to produce additional testimony on questions already raised . . . ." *Virgin Islands Labor Union v. Caribe Construction Co.*, 5 V.I. 665, 672 (Terr. Ct. 1966). As stated above, under the provisions of 24 V.I.C. § 70(b), "the findings of fact of the Commissioner of Labor as to the facts shall be conclusive if supported by substantial evidence." *Id.* at 670. Substantial evidence is more than a mere scintilla, "such evidence as a reasonable mind might accept as adequate to support a conclusion and affords a substantial basis of fact from which the fact in issue can reasonably be inferred." *Id.*

The basis for Thomas' appeal is his allegation that the Territorial Court failed to consider the merits of his arguments: (1) that the hearing officer's decision was not supported by substantial evidence, and that Thomas did not possess a transcript of the hearing from which to illustrate the errors; (2) that the contract was unconscionable, and therefore was no basis for excluding his complaint from the provisions of the Wrongful Discharge Statute; and (3) that there was no other readily-available appeal or remedy. However, Thomas did not advise the Territorial Court in his request for a writ of review, as he appears to be telling this Court for the first time on appeal, that his complaint had not been litigated before the hearing officer. He did not inform the court that there was at the Department level no record or transcript made of any proceedings, that no evidence of the contract or anything else had been offered, and, indeed, that no formal hearing had taken place.

Accordingly, Thomas' allegation in his petition that the hearing officer's decision was "not supported by substantial evidence" was somewhat misleading because no evidence had been presented and there could be no transcript against which to examine the hearing officer's alleged errors. Thomas did not attempt to clarify what happened at the Department, nor did he file any affidavits or supporting evidence with the Territorial Court. While Thomas alleged that the contract was not the product of an arm's length transaction and was unconscionable, he did not raise any issue about how the hearing officer obtained a copy, nor did he provide the Territorial Court with any factual basis for resolving this

allegation.[3] We can and do observe that the contract does not on its face show that it was unconscionable or not the product of an arm's-length transaction. Finally, Thomas did not show with any kind of specificity that no other appeal or remedy was readily available.[4]

As a matter of law, Thomas' unsupported allegations were insufficient to show that the hearing officer erroneously exercised her function or exceeded her jurisdiction. We therefore hold that the trial judge did not abuse her discretion in denying the petition.

An appellate court can not reach the merits of an appellant's legal arguments if he has failed to raise them in the court below, unless such waiver rises to the level of plain error. *Prosser v. Prosser,* 921 F. Supp. 1428, 1432 (D.V.I. App. 1995) (*citing Singleton v. Wulff,* 428 U.S. 106, 120-22 (1976) (ruling that, in general, an appellate court does not review an issue not raised below unless "the proper resolution is beyond any doubt" or justice so requires)); *see also Nibbs,* 31 V.I. at 222-23.

Not having advised the Territorial Court that he had not had the opportunity to litigate the applicability of the contract before the hearing officer so that court could consider and rule on the

---

[3] Thomas stated he attached the copy of the contract to his Territorial Court petition because "he wanted to have a dispositive court decision on the issue of what type of contract or agreement is sufficient to take the employment relationship outside of the Wrongful Discharge Statute," not for the purpose of deciding its unconscionability. Appellant's Brief ["Br."] at 11.

[4] We have grounded our decision on 24 V.I.C. § 70 because it is a part of the Wrongful Discharge Statute, and was stated by Thomas in his petition as the grounds for relief from the Territorial Court. As section 70 is adequate procedurally, there is no need to turn to the general procedures for writs of review contained in 5 V.I.C. §§ 1421-23. It appears from their briefs that both Thomas and Abamar believed that this case fell under Title 5, and the language of the Territorial Court's order also appears to track one of these sections.

One of the problems with relying on the procedures set forth in sections 1421-23 is the lack of any provision in the Territorial Court Rules of procedure governing the process for seeking the writ. Abamar noted the lack of a local rule governing the instant matter, but misapprehended the application of FED. R. APP. P. 21, which applies only to matters on appeal from the Territorial Court to the Appellate Division, and not to petitions for writs filed in the Territorial Court for review of agency decisions under 24 V.I.C. §§ 76-79. We urge the Legislature, the Department of Labor and the Territorial Court to clarify the procedure for writs of review under Title 5 of the Virgin Islands Code.

122

issue, Thomas is precluded from pursuing it here. We find no plain error on the part of the Territorial Court.

## CONCLUSION

This Court finds that, having waived the above legal arguments at the Territorial Court, Thomas is precluded from raising them at the appellate level. Moreover, we find no plain error on the part of the Territorial Court. For the reasons expressed herein, we therefore affirm the judgment of the Territorial Court for Abamar. An appropriate order follows.

## ORDER OF THE COURT

AND NOW, this 8th day of August, 1996, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the judgment of the Territorial Court for the appellees be AFFIRMED.