**HASANI BARON and LIONEL BARON, minors, by and through their parents and next friends ALEX BARON and AARON BARON, and ALEX BARON and AARON BARON, individually, Appellants**

**v.**

**NURIS ROSARIO, Appellee**

D.C. Civ. App. No. 1996/239

T.C. Civ. No. 633/1994

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 3, 1997

Francis E. Jackson, Jr., Esq., St. Thomas, U.S.V.I., *for Appellants*

Francis J. D'Eramo, Esq., St. Croix, U.S.V.I., *for Appellee*

MOORE, *Chief Judge*, FINCH and ANDREWS, *Judges*

## OPINION OF THE COURT

PER CURIAM

The issue presented on appeal is whether the Territorial Court erred in granting appellee, Nuris Rosario's motion for summary judgment, thereby dismissing appellants' negligent entrustment claim. For the reasons stated below, we will affirm the Territorial Court's October 8, 1996 Order granting Nuris Rosario's motion for summary judgment.

## FACTS

This action arose out of a two car accident on or about July 1, 1994. One vehicle was operated by Alex Baron, and had as passengers therein, Hasani and Lionel Baron. The other vehicle, owned by Nuris Rosario, was being driven by her nephew, Alexis Sanchez, who was on summer vacation from military school in Ohio. After the accident, Ms. Rosario reported to the police that Mr. Sanchez had used her car without permission.

Appellants' Complaint[1] alleges that, as a result of this accident, they suffered property damages and personal injuries. The Complaint further alleges that Nuris Rosario should be held liable for negligent entrustment,[2] and Alexis Sanchez liable for negligence in

---

[1] *See* Appendix. As this Court has done in the past, we remind counsel to "independently number the pages of the appendix for ease and convenience of reference." *Lettsome v. Virgin Islands Taxi Ass'n*, 31 V.I. 166, 168 n.1 (D.C.V.I. 1994).

[2] Complaint at ¶¶ 2, 5, 8; Appellant's Brief at 1.

the manner in which he operated said vehicle.[3] Appellants, therefore, sought compensatory and punitive damages from appellees.

Sometime around August 18, 1995, appellee Rosario, filed a motion for summary judgment pursuant to FED. R. CIV. P. 56. Ms. Rosario argued that "she did not entrust the vehicle to Alexis Sanchez at the time of the accident,"[4] and further contended that there was "no evidence that Alexis Sanchez [was] an unfit or incompetent person."[5] The trial court was persuaded by appellee Rosario's arguments and granted summary judgment in her favor. The instant appeal followed.

## DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has appellate jurisdiction to review judgments and orders of the territorial court in all civil cases pursuant to V.I. CODE ANN. tit. 4, § 33 (Equity 1967, Michie Supp. 1997-1998). We exercise plenary review over the Territorial Court's application of legal precepts. See Thomas v. Abamar-BB, 35 V.I. 117, 120, 934 F. Supp. 164 (D.C.V.I. 1996); Nibbs v. Roberts, 31 V.I. 196, 204 (D.C.V.I. 1995).

### B. Summary Judgment Standard

Summary judgment may be granted when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c); see Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). Thus, the threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A motion for summary judgment must be granted "unless the party opposing the motion

---

[3] Complaint at ¶ 7. Alexis Sanchez failed to answer the complaint, and a default judgment was entered against him.

[4] Memorandum of Law in Support of Defendant Nuris Rosario's Motion for Summary Judgment at 3.

[5] Id.

can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." *J. E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 618 (3d Cir. 1987) (Becker, J., concurring) (*citing Anderson*, 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)). This standard, although stringent, is not insurmountable. *Clint Aero, Inc. v. Ground Services, Inc.*, 25 V.I. 446, 448, 754 F. Supp. 57 (D.C.V.I. 1990).

## C. Negligent Entrustment

It is "negligence to permit a third person to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." RESTATEMENT (SECOND) OF TORTS § 308. In order to prevail on a theory of negligent entrustment, there must be:

> (1) entrustment of a chattel to a party;
> (2) likelihood that such party because of youth, inexperience, or otherwise would use the chattel in a manner involving unreasonable risk of harm to himself and others whom the entruster should expect to be endangered;
> (3) knowledge or reason to know by the entruster of such a likelihood;
> (4) proximate cause of the harm to plaintiff by the conduct of the entrustee.

RESTATEMENT (SECOND) OF TORTS § 390 (1977), *cited in Estephane v. Hobson*, 18 V.I. 396, 398 (D.C.V.I. 1981). The trial court relied on a simplified version of these elements, and stated that "the essential elements of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent or unfit person; (3) with the knowledge that he or she is incompetent or unfit." *Hanley v. Jones*, 21 V.I. 190, 193 (Terr. Ct. 1984). The court also noted that "there is no per se liability by reason of a person's interest or ownership in a vehicle . . . ." *Id.* at 192. After considering these factors, the trial court found:

In this case, Rosario's testimony that she did not entrust her vehicle to defendant Sanchez on the day of the accident is uncontroverted. . . . No evidence has been offered by Plaintiffs that Rosario allowed Sanchez to repeatedly use her vehicle, but more importantly, that she did so on the day of the accident.

There is also no evidence to suggest, as Plaintiffs assert, that Rosario "constructively entrusted" her vehicle to Sanchez by negligently placing her keys in the bathroom behind the potted plant. Rosario testified it was her usual and customary practice to place the keys there, and that she did so primarily for safekeeping. . . . As a result, Plaintiffs have failed to support and prove a most essential element of their claim, to wit: that Rosario entrusted, either directly or constructively, her vehicle to Rosario [sic] on the date of the accident.

Plaintiffs have also failed to show that Sanchez was an incompetent or unfit driver and that Rosario was, or should have been, aware of his incompetence. Rosario testified she required that Sanchez produce a valid driver's license on the sole occasion in which she granted him permission to use her vehicle. Rosario also testified she knew of no occasion when Sanchez had been in trouble with the law, used another's vehicle without permission, or been cited for negligent driving. Not only have Plaintiffs not controverted Rosario's testimony, they have provided no additional evidence which supports their assertion that Sanchez was incompetent. Accordingly, the second and third elements of Plaintiff[s'] claim have also not been established.

Plaintiffs cannot merely rely on bald assertions to contradict Rosario's pleadings and sworn testimony, or to avoid Summary Judgment. In doing so, they have failed to show there is a genuine issue of material fact with respect to Rosario's liability and that Summary Judgment in favor of Rosario would be improper.

(Summary Judgment at 3-5.) The elements necessary to prove negligent entrustment will be discussed seriatim.

## 1. Entrustment

■ Appellants contend that the mere fact that Alexis Sanchez spent time in the house with Ms. Rosario, had unlimited access to the bathroom where she allegedly hid her car keys, and had been allowed to use the car on one prior occasion, establish that on the date of the accident, Ms. Rosario entrusted her car to him "by her careless and cavalier placement of her car keys." (Appellants' Brief at 6.) Appellee Rosario counters that appellants have failed to show direct or implied entrustment since the keys to her car were routinely kept hidden in the bathroom long before Mr. Sanchez came to visit, and were taken by Mr. Sanchez without her knowledge or permission. (Appellee's Brief at 10.) Appellants place too much emphasis on the inference that the bathroom was apparently for use by all occupants of the apartment; this inference is to be drawn from the fact that Ms. Rosario was a temporary resident in her mother's apartment, the bathroom contained her mother's personal items, and the bathroom door had no lock on it.[6] Such an inference is an insufficient basis on which a trier of fact could reasonably conclude the keys were entrusted to Sanchez, and appellants have put forth no other evidence which would satisfy their burden of showing that there is more than some doubt as to material facts. *See Matsushita*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (S. Ct. 1986).

## 2. Incompetent or Unfit

Mr. Sanchez was approximately seventeen years old at the time of the accident, he possessed a driver's license from Ohio, and had been in St. Thomas for approximately three weeks before the accident.[7] Appellants contend that Mr. Sanchez's age, coupled with his only having a license to drive for some eight months would support a finding that he was incompetent or unfit to drive a vehicle. (Appellants' Brief at 2-3.) Appellants also aver that since Mr. Sanchez had apparently never driven in the Virgin Islands before this visit when the accident occurred, and the fact that he

---

[6] Dep. of Rosario at 6, 33.

[7] *Id.* at 7, 16-17.

did not possess a Virgin Islands driver's license,[8] bolster their argument that Mr. Sanchez was incompetent, and that Ms. Rosario had reason to know that he was incompetent. *Id.* Ms. Rosario generally argues that appellants have put forth no evidence to suggest that Mr. Sanchez was unfit or incompetent to operate a vehicle.

■ Aside from appellants' bald assertions that Mr. Sanchez was unfit, they have proffered no evidence which would support their claims. For instance, there is no evidence that Mr. Sanchez had driven in a negligent manner prior to this accident. There is also no basis for the argument that since Mr. Sanchez had only possessed a driver's license for about eight months, he was incompetent per se.

### 3. Knowledge of Incompetence or Unfitness

■ Appellants contend that Ms. Rosario's reluctance to let Mr. Sanchez use her car after she had done so on one other occasion indicates that she had knowledge that he was unfit to drive. (Appellants' Brief at 2-3.) Appellants rely on the following discourse to prove Ms. Rosario's knowledge that Mr. Sanchez was unfit or incompetent:

Q: Did you feel it was dangerous for him to use your car?

A: I was feeling it is a new car and it's kind of expensive, so I didn't want—you know, I feel maybe Alexie would have get into an accident so I didn't want him to use my car anymore.

Q: Why did you feel he might get into an accident?

A: Because he is young, okay, and he don't know—he don't know the value of things.

(Dep. of Rosario at 21.) Ms. Rosario's concerns do not indicate that she had any knowledge, before the accident, that her nephew was unfit to drive. Her testimony was that in the year she had the car, she had only allowed one other person, her boyfriend, to use the

---

[8]It appears that Mr. Sanchez was under no obligation at the time of the accident to possess a Virgin Islands driver's license. *See* 20 V.I.C. § 376.

car once. (Dep. of Rosario at 44.) The following is also part of Ms. Rosario's deposition testimony:

> Q: Is there a particular reason that you didn't want him to use it anymore after you let him the first time?
>
> A: I just—something told tell me not let him use my car no more. Just for no reason, I didn't want him to use the car anymore.
>
> Q: Was there anything that he did that influenced your decision to not allow him to use your car?
>
> A: No. . . .

(Dep. of Rosario at 20-21.) Appellants have failed to show that Ms. Rosario's comments were evidence of anything more than a general reluctance to let others use her car. We hold that appellants have failed to produce evidence which, when considered in light of their burden of proof at trial, could be the basis for a jury finding in their favor. See *J. E. Mamiye & Sons*, 813 F.2d at 618. Appellants have shown no more than some doubt as to a material fact. Matsushita, 475, U.S. at 586.

## CONCLUSION

Appellants have failed to present evidence that there are any genuine issues of material fact which would preclude summary judgment. Our review of the record uncovers no disputed material facts regarding (1) an entrustment; (2) to an incompetent or unfit person; (3) with the knowledge that he or she is incompetent or unfit. The Territorial Court order granting summary judgment will be affirmed.

DATED this 3 day of November, 1997.

## ORDER OF THE COURT

AND NOW this 3 day of November, 1997, having considered the arguments and submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

ORDERED AND ADJUDGED that the Territorial Court's October 8, 1996 order granting summary judgment in favor of Nuris Rosario is AFFIRMED.