**RUPERT BACHELOR, Petitioner**

**v.**

**PITT DES-MOINES, INC., Defendant**

Civil No. 262/1998

Territorial Court for the Virgin Islands

Division of St. Croix

February 3, 2003

179

RENEE DOWLING, ESQ., Christiansted, Virgin Islands, *Attorney for the Petitioner*

MICOL MORGAN, ESQ., St. Thomas, Virgin Islands, *Attorney for the Respondent*

ROSS, *Judge*

## MEMORANDUM OPINION

(February 3, 2003)

THIS MATTER is before the Court on Petitioner's Petition for Writ of Review of the Commissioner of Labor's ("Commissioner") final order of January 26, 1998 in *In the Matter of Rupert Bachelor v. Pitt Des-Moines, Inc.*, WD-292-97-STX. The Commissioner held that Petitioner's claim does not fall under the Wrongful Discharge Act ("WDA"), and as such, it had no subject matter jurisdiction. Petitioner appeals the January 26, 1998 Order and seeks judicial review pursuant to 5 V.I.C. §§ 1421-1423. Petitioner contends that the Commissioner's decision is both legally and factually erroneous and has resulted in the deprivation of his constitutionally protected rights. The Court has reviewed the record, and for the following reasons hereby affirms the Commissioner's January 26, 1998 Order dismissing Petitioner's claim.

On July 18, 1997, Respondent Pitt Des-Moines laid off five employees. Petitioner was one of those employees. Respondent informed Petitioner verbally and by letter that he was being laid off due to a reduction of workforce allegedly directed by Hess Oil Virgin Islands Corporation ("HOVIC"). Respondent employed Petitioner as a Class A Fitter at the time of the lay-off. At the formal administrative hearing Petitioner argued that individuals with less seniority within the same job

classification were not laid off while he was laid off. On appeal Petitioner now contends that the Department of Labor erred (1) by concluding it is without jurisdiction, (2) by dismissing with prejudice Petitioner's petition, and (3) by not making specific findings that the termination was wrongful.

In 1986, the Virgin Islands Legislature enacted the Wrongful Discharge Act ("WDA"). *See* 24 V.I.C. §§ 76-79. The WDA was amended in 1996 to provide that "unless modified by union contract," an employer may dismiss an employee for any of the nine enumerated grounds for termination. *See* 24 V.I.C. § 76, as amended February 21, 1996, No. 6092, Sess. L. 1996 p.8. The WDA further provided that "nothing in this section shall be construed as prohibiting an employer from terminating an employee as a result of the cessation of business operations or as a result of a general cutback in the workforce due to economic hardship ... ." Accordingly, the WDA creates a presumption that an employee is wrongfully discharged unless his or her discharge is the result of one of the enumerated grounds for termination. *See Hess Oil Virgin Islands Corp. v. Richardson*, 894 F. Supp. 211 (D.C.V.I. App. Div. 1995). To that end, it is well settled that "it is only at the final hearing, after the discharged employee has borne his initial burden of establishing a prima facie case of wrongful discharge and raised the wrongful discharge statutory presumption, the employer bears the burden of proving a legally permissible discharge." *The Villager Virgin Islands Partners in Recovery v. Government of the Virgin Islands and Celeste Fahie*, 39 V.I. 109 (Terr. Ct. 1998). Therefore, the Court must now determine whether the Commissioner's determination that the Department of Labor lacked subject matter jurisdiction over Petitioner's petition was erroneous as a matter of law.

As previously indicated, the WDA allows for the dismissal of an employee because of economic hardship. *See* 24 V.I.C. § 76(c). The language in the WDA is clear and unambiguous. However, to establish a prima facie case of discharge not resulting from the economic hardship exception and, therefore, wrongful, "the plaintiff must show that [(1)] he was in the protected class, [(2)] he was qualified, [(3)] he was laid off and other unprotected workers were retained." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). Moreover, to establish a prima facie case in the context [of] workforce reduction, a plaintiff must do more than merely show that unprotected employees were retained in their

positions; the plaintiff must produce some additional evidence that he or she was singled out for discharge because of his protected status. *See Catherine A. Marzano v. Computer Science Corp., Inc., CSC Partners, Inc.*, 91 F.3d 497 (3d Cir. 1996).

Petitioner argues that his dismissal falls under the WDA because it was neither due to economic hardship nor a reduction in Respondent's workforce. Petitioner contends that his claim for wrongful discharge is supported by the fact that Respondent failed to lay off employees with less seniority in the same classification. On October 21, 1997, at a hearing on the matter before the Administrative Law Judge ("ALJ"),[1] Respondent presented an affidavit of economic hardship and facts to support its reason for the lay-offs. Thereafter, on January 16, 1998, the ALJ, after considering the record determined Petitioner was not wrongfully discharged within the meaning of the WDA and based her determination on the plain meaning of the term "Lay-off." Petitioner then sought a writ of review of that determination with the Court.

██ The Commissioner's decision may be dismissed only if the record does not substantially support the Commissioner's findings. *See Thomas v. Abamar—BB et al.*, 934 F. Supp. 164, 35 V.I. 117 (Terr. Ct. 1996). Moreover, in an administrative hearing based on unfair labor practices, the Commissioner has the authority to consider circumstantial evidence and draw inferences therefrom; and since inferences are simply deductions from facts proven, a number of factual inferences may be drawn from any facts directly or indirectly established. *See Virgin Islands Labor Union v. Caribe Constr. Co.*, 5 V.I. 665 (D.V.I. 1966).

█ Petitioner contends that Respondent laid off employees without considering seniority and therefore, Petitioner was wrongfully discharged. However, the Court questions whether that fact alone is sufficient to be considered a wrongful discharge in light of the fact that Petitioner has not presented any evidence that the union contract, if any, between the Petitioner and Respondent included explicit or implicit language that lay-offs must be based on seniority or that he is a member of the protected class. Furthermore, the Court does not find anything in the record or in the Respondent-HOVIC Project Handbook that suggests lay-offs must be based on seniority. Additionally, there is no evidence in

---

[1] The Administrative Law Judge was duly appointed by the Commissioner to conduct a hearing on the instant matter pursuant to 24 V.I.C. § 77(b).

the record to indicate that Respondent singled out Petitioner to be discharged. Respondent sent Petitioner a letter advising him of his dismissal: "PDM has been instructed by HOVIC to reduce our workforce today. This is to notify you that you are being laid off as part of PDM's crew reduction due to lack of work effective 4:00 p.m., July 18, 1997." Nonetheless, neither Virgin Islands nor federal legislation specifically provide that dismissal without considering seniority constitutes wrongful discharge.

 Petitioner posits a second argument and contends that he was denied his constitutional right to due process when the Commissioner dismissed his claim with prejudice. The WDA does not expressly or impliedly state that an employee who believes that he or she has been wrongfully discharged must first seek redress with the Department of Labor before filing a complaint in court. *See Daniel v. St. Thomas Dairies, Inc.*, 27 V.I. 120 (Terr. Ct. 1992). To that end, an employee who has initiated an administrative claim for wrongful discharge is not barred from simultaneously or subsequently filing a wrongful discharge action in court. *Hess Oil V.I. Corp. v. Richardson*, 894 F. Supp. 211 (DVI 1995). The WDA was not created as a means to forum shop. The Legislature did not intend that a petitioner would be able to re-file the case in Territorial Court after the Commissioner has made a final determination based on the evidence presented at the final administrative hearing. However, if there is a question as to the determination made, the proper remedy is a petition for writ of review to the Territorial Court.

██ Territorial Court Rule 15 allows review to any party aggrieved by any proceeding before any officer, board, commission, authority or tribunal. The WDA provides for an aggrieved party to petition the Territorial Court to review the decision of the Virgin Islands Department of Labor, and the standard of review require facts found by the Commissioner to be supported by substantial evidence. *See Thomas*. In reviewing decisions taken by administrative agencies, it is the Court's task to determine (1) whether the agency acted within the limits of its statutory powers; (2) whether the agency applied the relevant law correctly; (3) whether the agency's findings are supported by substantial evidence on the record; and (4) whether the agency has abused its discretion by acting in an arbitrary and capricious manner. *Perry v. Government Employees Service Commission*, 18 V.I. 524 (D.C.V.I. 1981).

 Petitioner questions the ALJ's failure to provide substantial evidence to support its decision that the dismissal was not wrongful. As previously indicated, the WDA creates a presumption that the an employee is wrongfully discharged, and once the initial question as to the validity of the discharge is raised, and supported by facts presented, the burden shifts to the employer to show that the discharge was the result of one of the enumerated grounds for termination in the WDA or was a dismissal due to economic hardship or the cessation of business. At the administrative hearing, the ALJ heard testimony from both parties. Respondent, through its project accountant, provided testimony that the lay-off of the five employees was a business necessity and the determination of which employees were to be laid off was based on their skill and the availability of work. Thereafter, the ALJ directed the Respondent to produce documentation showing economic hardship. On October 24, 1997, Respondent presented an affidavit showing a decrease in revenue by HOVIC, which would cause Respondent economic hardship if it did not lay off the five employees. The ALJ reviewed the full record and issued an order determining that Petitioner was not wrongfully discharged because the dismissal was due to economic hardship. The Court finds that the ALJ had sufficient facts to support its determination.

Accordingly, a review of the record indicates that there was substantial evidence before the ALJ to support her decision, and the Commissioner's dismissal was proper. Therefore, the premises considered, and the Court otherwise being fully advised, it is hereby ORDERED that the January 26, 1998 Order dismissing Petitioner's claim is AFFIRMED.